Matter of Voltaire v Redman (2025 NY Slip Op 03334)

Matter of Voltaire v Redman

2025 NY Slip Op 03334

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2024-08762
 (Docket No. F-1168-23)

[*1]In the Matter of Krystal Voltaire, respondent,
v
Clint Redman, appellant.

Clint Redman, Flushing, NY, appellant pro se.
Natalie Markfeld, Fresh Meadows, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Dean Kusakabe, J.), dated August 8, 2024. The order denied the father's objections to an order of the same court (Rosa M. Astuto, S.M.) dated July 2, 2024, which, after a hearing, granted the mother's petition for child support, retroactive child support, child care costs, and unreimbursed health related costs.
ORDERED that the order dated August 8, 2024, is affirmed, without costs or disbursements.
The mother and the father were never married. On June 12, 2021, the day after the child was born, the father signed an acknowledgment of paternity. The father also commenced a proceeding for custody of the child.
Thereafter, in an order dated July 2, 2024, the Support Magistrate granted the mother's petition for child support, retroactive child support, child care costs, and unreimbursed health related costs. The father filed objections to the Support Magistrate's order, contending that the Family Court lacked jurisdiction to issue the support order because he signed the acknowledgment of paternity without receiving certain notices in violation of 45 CFR 303.5(g). In an order dated August 8, 2024, the court denied the father's objections. The father appeals.
The Family Court properly denied the father's objections. Contrary to the father's contention, 45 CFR 303.5(g), which sets forth the guidance of the United States Department of Health and Human Services to state agencies for establishing paternity, does not affect the court's jurisdiction over this proceeding (see Family Ct Act § 411; see also Blessing v Freestone, 520 US 329, 333; Matter of Shala C. v Dacia A.D.S., 233 AD3d 679, 680).
The father's remaining contentions are without merit.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court